**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NYRA CANALES** | |
| **Plaintiff,** | |
| | |
| **v.** | **CIVIL ACTION NO. _____** |
| | |
| **WGP ASSOCIATES, LLC., WGP** | **JURY TRIAL DEMANDED** |
| **CONSTRUCTION, LLC., JACK CAPELLA,** | |
| **AND WILLIAM PETTY.** | |
| | |
| **Defendants.** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Nyra Canales, brings this action against Defendants, WGP Associates, LLC, WGP Construction, LLC, Jack Capella, and William Petty (sometimes collectively referred to as "Defendants"), and respectfully alleges as follows:

**INTRODUCTION**

1.     This lawsuit seeks unpaid wages and other damages from Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Louisiana Wage Payment Act, La. R.S. § 23:631, *et seq.* ("the Wage Payment Act"), and Louisiana state law.

**THE PARTIES**

2.     Plaintiff Nyra Canales (hereinafter "Ms. Canales" or "Plaintiff") is an individual residing in St. Charles Parish, Louisiana.  Plaintiff was employed with Defendants as a Vice-President from November 1, 2012, until her separation from employment on July 1, 2014.

3.     Defendant WGP Associates, LLC ("WGP Associates") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Mr. Jack Capella, 3421 N. Causeway Blvd, Ste 105,**

**Metairie, LA 70002.**  WGP Associates is an "employer" within the meaning of the FLSA and the Wage Payment Act.

4.      Defendant WGP Construction, LLC ("WGP Construction") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Mr. Jack Capella, 3421 N. Causeway Blvd, Ste 105, Metairie, LA 70002.**  WGP is an "employer" within the meaning of the FLSA and the Wage Payment Act.

5.      Defendant Jack Capella ("Mr. Capella") is a corporate officer of WGP Associates and is an "employer" within the meaning of the FLSA and the Wage Payment Act.  In addition, Mr. Capella is personally liable to Plaintiff for damages under the "alter ego" doctrine.

6.      Defendant William Petty ("Mr. Petty") is a corporate officer of WGP Associates and WGP Construction, and is an "employer" within the meaning of the FLSA and the Wage Payment Act.  In addition, Mr. Petty is personally liable to Plaintiff for damages under the "alter ego" doctrine.

## JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.  Further, this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

8.      Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

9.      In or around November 2012, Plaintiff and Defendants entered into an agreement in which Plaintiff would be employed as Vice-President and would receive an annual salary of $100,000.

10.     Plaintiff began working as Vice-President for Defendants on November 1, 2012, but Defendants did not pay her *a single cent* for the work she performed between: (i) November 1, 2012, and February 1, 2013; (ii) September 12, 2013 and September 24, 2013; and (iii) March 27, 2014, and July 1, 2014.

11.     Furthermore, Defendants paid Plaintiff only fifty percent (50%) of her annual salary for the work she performed between February 14, 2013, and March 26, 2014.  In addition to paying Plaintiff only fifty percent (50%) of her annual salary during this time period, Defendants also made reductions to her salary based on the quantity of her work.

12.     After not being paid the wages owed to her – and not being paid a single cent for the work she performed between March 27, 2014, and July 1, 2014 – Plaintiff was compelled to terminate her employment with Defendants.

13.     Plaintiff has made demand for the payment of her owed wages on multiple occasions, including the following: (i) two separate in-person meetings with Defendants in June and July 2014; (ii) a September 22, 2014 certified letter to WGP Associates sent to the attention of Mr. Capella; (iii) an October 7, 2014 certified letter to WGP Associates sent to the attention of Mr. Petty; (iv) an October 7, 2014 certified letter sent to the attention of Mr. Petty at his home address; and (v) numerous communications to Defendants from undersigned counsel.

14.     Notwithstanding Plaintiff's repeated demands, Defendants still have refused to pay the compensation and wages owed to her.

## FIRST CAUSE OF ACTION
### (Violations of the FLSA)

15.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

16.     The FLSA requires employers to pay employees for all hours in which the employee is suffered or permitted to work, and also requires employers to pay non-exempt employees who work longer than 40 hours in a workweek one and one-half (1 ½) times the employee's regular rate of pay for the hours worked in excess of 40 hours.   29 U.S.C. § 207(a)(1).

17.     Defendants have violated the requirements of the FLSA by engaging in practices that have deprived Plaintiff of lawful compensation, including but not limited to, the following: (i) failing to pay the required minimum wage; (ii) failing to pay Plaintiff her agreed-upon salary; and (iii) failing to pay Plaintiff overtime compensation at a rate of not less than one and one-half time her regular rate of pay[1] for work performed in excess of forty (40) hours per work week.

18.     Defendants' failure to pay Plaintiff's compensation was "willful" within the meaning of the FLSA because Defendants did not act in good faith.

19.     Plaintiff is entitled to damages equal to the amount of all uncompensated time, including overtime pay within the three years preceding the filing of this Complaint, plus any periods of equitable tolling, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

20.     Plaintiff also seeks reasonable attorneys' fees and costs, as provided by the FLSA. 29 U.S.C. § 216(b).

---

[1]     Plaintiff's regular rate of pay was $48.08 per hour and therefore her overtime rate is approximately $72.12 per hour.

4

## SECOND CAUSE OF ACTION
(Breach of Contract)

21.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

22.     Defendants entered into a contract with Plaintiff to pay her wages for all work performed and time spent for Defendants.

23.     Defendants breached this contract by failing to pay Plaintiff all the wages due for the work she performed for Defendants.

24.     Plaintiff was injured in that she worked many hours for which she should have been compensated, but was not compensated because of Defendant's breach.

25.     Plaintiff is entitled to recover all wages to which she is owed by contract, and all other damages resulting from Defendants' breach of contract.

## THIRD CAUSE OF ACTION
(Unjust Enrichment/Quantum Meruit)

26.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

27.     Defendants received the benefit of Plaintiff's work without compensating her.

28.     The money Defendants owe Plaintiff as wages all inured directly to Defendants' benefit by their nonpayment to Plaintiff for work she performed. Plaintiff should receive compensation to which she is entitled in equity and Defendants should not be unjustly enriched by their nonpayment of wages to Plaintiff for the work she performed.

29.     Plaintiff is entitled to recover the reasonable value of her services, including all wages owed, and all other damages arising out of Defendants' failure to pay Plaintiff reasonable value for her services.

## FOURTH CAUSE OF ACTION
(Violation of the Wage Payment Act)

30.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

31.     Despite repeated demands from Plaintiff and her counsel, Defendants have failed to pay her wages due under the terms of her employment within the time period prescribed by the Wage Payment Act.

32.     Accordingly, Plaintiff is not only entitled to recover her unpaid wages, but also penalty wages, attorney's fees, costs, and judicial interest.

## DEMAND FOR JURY

33.     Plaintiff hereby demands a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth her Complaint, Plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated Plaintiff's rights under the FLSA;

(b) Award Plaintiff her unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff under the FLSA;

(c) Award Plaintiff the unpaid wages due as a result of Defendants' breach of contract;

(d) Award Plaintiff the damages corresponding to the reasonable value of her services rendered to Defendants and/or any amounts whereby Defendants have been unjustly enriched;

(e) Award Plaintiff attorneys' fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by the FLSA;

(f) Award Plaintiff unpaid wages, penalty wages, attorney's fees, costs, and judicial interest as provided by the Wage Payment Act; and

6

(g) Award Plaintiff any other legal and equitable relief that this Court deems just and proper.

Dated: November 21, 2014                    Respectfully Submitted:

                                            WILLIAMS LITIGATION, L.L.C.

                                            By:  s/Christopher L. Williams
                                            Christopher L. Williams
                                            La. Bar Roll No. 32269
                                            1055 St. Charles Ave., Suite 300
                                            New Orleans, LA 70130
                                            Telephone: 504.308.1438
                                            Fax: 504.308.1446
                                            chris@williamslitigation.com

                                            ***Attorney for Plaintiff***